MR. JUSTICE MORRISON
concurs in part and dissents
in part as follows:
I concur with the majority in vacating the sentence and remanding for resentencing. However, I dissent from the majority holding with respect to the tape recording.
The majority opinion quotes the County Attorney’s letter indicating that no tape was made of the conversation in the motel. I believe that this is refuted by the testimony of Agent Skuletich given at the sentencing hearing. Agent Skuletich testified as follows:
“Q. You informed me that there was a tape recorder? A. I didn’t say there was, I said there was a microphone in the room and that the tape recorder itself was located two rooms away.
“Q. Didn’t you indicate there was a tape recorder in the drawer. A. No, no I did not.
“Q. But, there was a microphone in the room? A. Yes.
“Q. Where was the microphone? A. It was under the bed.
“Q. After you arrested Mr. Baker, you indicated rather gleefully that, ‘We have this on tape’? A. I don’t recall indi *255 eating that. .
“Q. Did you say anything about it, a tape, at that time? A. I don’t recall saying anything about a tape.
“Q. You could have but you just don’t recall? A. I don’t recall. * * *
“Q. Now, where is the tape of the conversation now? A. I have no idea where it’s at. * * *
“Q. Well, you don’t know what happened to the tape, I take it? A. I never did see the tape. It was in the — the instrument that was used to record it was in another room. I never seen the tape.”
The testimony above-quoted indicates that a tape recording was made of the conversation. Apparently the County Attorney felt the conversations on the tape were garbled. However, production of the tape should be ordered so that defense counsel is permitted to listen to the tape and have the opportunity to have the tape examined by an expert.
I should add that counsel for the prosecution was questioned at the time of oral argument concerning the apparent conflict between the County Attorney’s letter and the testimony given at the sentencing hearing. The responses reinforced my feeling that a tape does exist but that the position of the County Attorney’s office was that the voices were inaudible. Under these circumstances the defendant must be given his opportunity to have the tape listened to by a speech pathologist or other expert trained in unscrambling garbled language.